IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZACHARY BOUVIER TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-077 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; A.S.M.P. MENTAL HEALTH DIRECTOR DONNA YOUNG; CERT TEAM OFFCER SMITH; CORRECTIONAL OFFICER TAYLOR, A.S.M.P.; CORRECTIONAL OFFICER CUNNINGHAM, A.S.M.P.; WARDEN EDWARD PHILBIN; NURSE BRUCKER, Psych Nurse, A.S.M.P.; OFFICER VALERIE FLOURNEY, A.S.M.P; OFFICER BRACEWELL; and OFFICER PROPHET WEBB, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 8), Plaintiff's Motion for Preliminary Injunction be **DENIED AS MOOT**, (doc. no. 4-1), Plaintiff's Motion for Summary Judgment be **DENIED AS MOOT**, (doc. no. 4-2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

**II.   DISCUSSION**

**A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Taylor v. Valdosta State Prison Healthcare Employees, et al., 7:8-cv-43-WLS (M.D. Ga. May 16, 2008) (dismissing both complaint and appeal as

frivolous); (2) Taylor v. Georgia Dep't of Corrections, 1:07-cv-221-WLS (M.D. Ga. Mar. 14, 2008) (dismissing complaint as frivolous); (3) Taylor v. Railey, 4:04-cv-31-CDL (M.D. Ga. May 27, 2004) (dismissing complaint as malicious); and (4) Taylor v. Railey, 4:04-cv-52-CDL (M.D. Ga. May 27, 2004) (dismissing complaint as malicious); See also Taylor v. Dunn, 4:13-CV-351-CDL, doc. no. 5 (M.D. Ga. Aug. 5, 2013) (denying IFP status based on accumulation of three strikes and dismissing case); Taylor v. Degrott, CV 5:09-408-HL, doc. no. 5 (M.D. Ga. Jan. 12, 2010) (denying IFP status based on accumulation of three strikes and dismissing case). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff signed his amended complaint on April 17, 2021, and Plaintiff complains correctional staff have used excessive force against him, including pepper spray, and threatened both him and his mother. (Doc. no. 7, pp. 5, 7-8.) He also asserts Defendants Flourney, Philbin, Young and Brucker engaged in deliberate indifference to his serious medical needs by administering involuntary medication and shots to him. (Id.) Notably, Plaintiff does not allege he has been denied medical care but that he disagrees with their opinion in his need for this medication. Additionally, Plaintiff complains the staff at ASMP have been deliberately indifferent to his false imprisonment.

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger.'" Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). Allegations of past physical injury are insufficient to satisfy the imminent danger exception. Medberry, 185 F.3d at 1193. Further, general or conclusory allegations Plaintiff has been threatened at undisclosed times are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citation omitted); Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception); see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

Notably, Plaintiff insufficiently pleads facts to demonstrate a claim or an imminent danger exception on the basis of involuntary medication. "[T]he government at times may force an individual to take psychiatric medications against his will." Grider v. Cook, 590 F. App'x 876, 882 (11th Cir. 2014); See also Washington v. Harper, 494 U.S. 210, 227, (1990) (holding the Due Process clause permits involuntary medication of inmates dangerous to themselves or others under proper procedure). Plaintiff provides no facts detailing how Defendants violated Due Process in the administration of his medication. Nor does Plaintiff

4

state any supporting facts or details from which any inference could be drawn that administration of medications to him is wrongful.

Plaintiff's conclusory allegations of harm are insufficient to establish imminent danger of serious physical injury, and he fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 8), Plaintiff's Motion for Preliminary Injunction be **DENIED AS MOOT**, (doc. no. 4-1),  Plaintiff's Motion for Summary Judgment be **DENIED AS MOOT**, (doc. no. 4-2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 11th day of May, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA