IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ZACHARY BOUVIER TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-077 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS; A.S.M.P. MENTAL HEALTH DIRECTOR DONNA YOUNG; CERT TEAM OFFCER SMITH; CORRECTIONAL OFFICER TAYLOR, A.S.M.P.; CORRECTIONAL OFFICER CUNNINGHAM, A.S.M.P.; WARDEN EDWARD PHILBIN; NURSE BRUCKER, Psych Nurse, A.S.M.P.; OFFICER VALERIE FLOURNEY, A.S.M.P; OFFICER BRACEWELL; and OFFICER PROPHET WEBB, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 14.) The Magistrate Judge recommended denying Plaintiff permission to proceed *in forma pauperis* ("IFP") under the three-strike provision of 28 U.S.C. § 1915(g). Further, the Magistrate Judge found Plaintiff failed to qualify for the "imminent danger of serious physical injury" exception to § 1915(g), as Plaintiff only presented general or conclusory allegations of threats and no factual details to demonstrate imminent danger.

In his objections, Plaintiff argues he qualifies for the imminent danger exception to § 1915(g), and therefore should be granted permission to proceed IFP. (Id. at 2-5.) Plaintiff alleges details about the inmates and correctional officers who have threatened him, the nature of those threats, and the inadequate procedure he received before his involuntary medication. (Id.) Plaintiff did not provide this information anywhere in his complaint and therefore it was not before the Magistrate Judge. While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Plaintiff's new factual claims because Plaintiff had more than enough time to amend his complaint.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed IFP, (doc. no. 8), **DENIES AS MOOT** Plaintiff's Motion for Preliminary Injunction, (doc. no. 4-1), **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment, (doc. no. 4-2), and **DISMISSES** this action without prejudice.

SO ORDERED this ____ day of June, 2021, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2